UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AKHEEM SCOTT-MANNA,

Plaintiff,

v.                                          CAUSE NO. 3:23-CV-172-JD-JEM

JOSH MORGAN,

Defendant.

OPINION AND ORDER

Akheem Scott-Manna, a prisoner without a lawyer, filed a complaint under 42

U.S.C. § 1983 against four defendants. ECF 2. "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C.

§ 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief.

Scott-Manna states that, on March 19, 2021, he was transferred from Miami

Correctional Facility to Westville Control Unit ("WCU"). ECF 2 at 2. Prior to his

transfer, he was housed in a restrictive housing unit where he had been stripped of his

property due to a prison shakedown. *Id*. The day before his transfer, Scott-Manna asked

Sgt. Robert Imlay to make sure he packed all of his personal property—not just his

property from his restrictive housing unit cell. *Id*. Sgt. Imlay told Scott-Manna that

prison policy limited the amount of personal property an inmate could have in a restrictive housing unit. *Id*. Sgt. Imlay packed Scott-Manna's personal property for his transfer, but Sgt. Imlay only included those items Scott-Manna had purchased while he was in the restrictive housing unit. *Id*.

Scott-Manna asked to speak to Cpt. Morgan and explained he was being packed up to be transferred to Westville, but he did not have all of his personal property. *Id*. at 3. He alleges Cpt. Morgan responded to him by saying: "F*** Y** and told him he would see him in court. *Id*. Scott-Manna asserts Cpt. Morgan was angry because he had filed a grievance against him and was preparing to file a lawsuit.[1] *Id*. He told Cpt. Morgan he would not leave until he had all of his property, but Cpt. Morgan allegedly told him: "Your [sic] going one way or another, b****." *Id*. Cpt. Morgan handcuffed Scott-Manna, who acquiesced to being handcuffed because he feared he would be mistreated for filing the grievance. *Id*.

Under the First Amendment, an inmate cannot be punished for engaging in certain kinds of speech. Filing a grievance qualifies as "protected activity" for purposes of a First Amendment claim. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter

---

[1] Scott-Manna sued three officers, including Cpt. Morgan in *Scott-Manna v. Calloway*, Case No. 3:21-CV-299-JD-MGG (N.D. Ind. filed Apr. 29, 2021). He was granted leave to proceed against Cpt. Morgan for allegedly failing to intervene when Sgt. McCray ordered his K9 to attack him on January 26, 2020, in violation of the Eighth Amendment. *See* Case No. 3:21-CV-299, ECF 23 at 3. On September 7, 2023, the court granted the defendants' motion for summary judgment finding that there was no need for Cpt. Morgan to intervene because Scott-Manna had not been subjected to excessive use of force. ECF 131 at 5-6.

First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Id.* (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Giving Scott-Manna the inferences to which he is entitled at this stage of the proceedings, he has plausibly alleged Cpt. Morgan retaliated against him, in violation of the First Amendment, by destroying his personal property that was not in his restrictive housing unit cell because he had filed a grievance against Cpt. Morgan.

Scott-Manna has also sued Sgt. Imlay and Warden William Hyatte. With respect to Sgt. Imlay, he alleges that Sgt. Imlay would only pack his personal property from his restrictive housing unit cell to be transferred to WCU. However, Scott-Manna has not alleged that Sgt. Imlay retaliated against him. Instead, he mentions that Sgt. Imlay packed his property in accordance with prison policy. Even if Sgt. Imlay violated prison policy in connection with the handling of Scott-Manna's personal property, this cannot form the basis for a constitutional claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). He has not stated a claim against Sgt. Imlay.

As to Warden Hyatte, liability under 42 U.S.C. § 1983 is based on personal responsibility, and a high-ranking official cannot be held liable for damages simply because he oversees prison operations or supervises prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009)

3

("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). There is no indication that Warden Hyatte had any personal involvement in the events underlying the complaint. Scott-Manna has not stated a claim here.

Furthermore, to the extent Scott-Manna has named Miami Correctional Facility as a defendant, this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He cannot proceed against this defendant.

For these reasons, the court:

(1) GRANTS Akheem Scott-Manna leave to proceed against Cpt. Josh Morgan in his individual capacity for compensatory and punitive damages for retaliating against him, in violation of the First Amendment, by destroying his personal property that was not in his restrictive housing unit cell because he had filed a grievance against Cpt. Morgan;

(2) DISMISSES all other claims;

(3) DISMISSES Miami Correctional Facility, Warden William Hyatte, and Sgt. Robert Imlay;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Cpt. Josh Morgan at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Cpt. Josh Morgan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 3, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT