UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AKHEEM SCOTT-MANNA,

    Plaintiff,

    v.    CAUSE NO. 3:23-cv-172-JD-JEM

JOSH MORGAN,

    Defendant.

OPINION AND ORDER

Akheem Scott-Manna, a prisoner without a lawyer, is proceeding in this case "against Cpt. Josh Morgan in his individual capacity for compensatory and punitive damages for retaliating against him, in violation of the First Amendment, by destroying his personal property that was not in his restrictive housing unit cell because he had filed a grievance against Cpt. Morgan[.]" ECF 13 at 4. On January 25, 2024, Cpt. Morgan filed a motion for summary judgment, arguing Scott-Manna did not exhaust his administrative remedies before filing this lawsuit. ECF 29. With the motion, Cpt. Morgan provided Scott-Manna the notice required by N.D. Ind. L.R. 56-1(f). ECF 32. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

evidence supporting each dispute of fact. This deadline passed over a month ago, but Scott-Manna has not responded. Therefore the court will now rule on Cpt. Morgan's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the

2

burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Cpt. Morgan provides an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF") and Scott-Manna's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at MCF. ECF 29-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3; ECF 29-2 at 3. On January 28, 2021, Scott-Manna submitted a grievance complaining that, over the "last year" since he had been moved to the restrictive housing unit, he had been mistreated and had not received his property. ECF 29-1 at 6; ECF 29-4 at 2. On February 4, 2021, the grievance office rejected this grievance because it was untimely and complained of multiple issues, some of which occurred more than ten business days before he filed the grievance. ECF 29-1 at 6; ECF 29-4 at 1. The "Return of Grievance" form instructed Scott-Manna he could revise and resubmit his grievance

---

[1] Because Scott-Manna has not responded to Cpt. Morgan's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Scott-Manna's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

within five business days, but he did not do so. *Id.* The grievance office did not receive any other relevant grievance forms from Scott-Manna. ECF 29-1 at 6-7.

Here, it is undisputed Scott-Manna submitted only one relevant grievance which was rejected by the grievance office, and Scott-Manna made no effort to revise and resubmit the rejected grievance. Scott-Manna does not argue or provide any evidence the grievance was improperly rejected or his administrative remedies were in any way unavailable. Thus, because it is undisputed Scott-Manna did not fully exhaust any relevant grievance, Cpt. Morgan has met his burden to show Scott-Manna did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Cpt. Morgan's summary judgment motion (ECF 29); and

(2) DIRECTS the clerk to enter judgment in favor of Cpt. Morgan and against Akheem Scott-Manna and to close this case.

SO ORDERED on April 17, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4